UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| MICHAEL D. KELLEY, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | No. 1:08-cv-231 |
| | ) | *Edgar/Lee* |
| DEPUTY HANK RITTER, HAMILTON COUNTY SHERIFF'S DEPT., In his Individual and Official Capacities; | ) | |
| *Defendants*. | ) | |

## **MEMORANDUM AND ORDER**

Michael D. Kelley ("Kelley") has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 (Court File No. 4). Kelley claims Deputy Hank Ritter ("Ritter") violated his Fourth Amendment Rights when he conducted an illegal search and seizure. Specifically, Kelley contends Deputy Ritter stopped him for following too closely during the rush hour and twenty-five minutes after receiving Kelley's identification and determining his license was valid, Deputy Ritter ordered Kelley out of the car to sign for the warning. Thereafter, Deputy Ritter requested permission to search Kelley's car for drugs which Kelley denied. Deputy Ritter subsequently had Deputy Thompson deploy canine Yasco and when the canine allegedly made a "hit" the vehicle was searched and approximately $71,000.00 was confiscated, $3,000.00 of which Kelley claims Deputy Ritter stole from him.

**I.    Application to Proceed *In Forma Pauperis***

It appears from the application to proceed *in forma pauperis* submitted by Kelley that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. Kelley is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Kelley

1

is an inmate or prisoner in custody at the Bradley County Justice Center, he will be **ASSESSED** and **SHALL** pay the full civil filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Kelley's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

   (a)   twenty percent (20%) of the average monthly deposits to Kelley's inmate trust account; or

   (b)   twenty percent (20%) of the average monthly balance in Kelley's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Kelley's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Sheriff and Custodian of Inmate Trust Fund Accounts at Bradley County Justice Center, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Kelley's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of Kelley shall collect the filing fee as funds become available. This order shall become a part of inmate Kelley's file and follow the inmate if he is transferred to

2

another institution. The agency having custody of Kelley shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

The plaintiff is **ORDERED** to notify this Court and defendants or defendants' attorney of any change of address if he is transferred to another institution, and to provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify this Court of an address change and/or the new prison officials of this order and outstanding debt will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

**II.     Service of Complaint**

The Clerk is **DIRECTED** to send Kelley a service packet (a blank summons and USM 285 form) for the defendant named in this action. Kelley is **ORDERED** to complete the service packet and return it to the United States District Court, District Court Clerk, Room 309, Chattanooga, TN 37402, within **twenty (20) days** of the date of receipt of this order. The summons will then be signed and sealed by the Court Clerk and forwarded to the United States Marshal for service. Fed. R. Civ. P. 4. Kelley is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

Defendant **SHALL** answer or otherwise respond to the complaint within **thirty (30) days** from the date of service.

Kelley requests the Court to enter an order prohibiting the Bradley County Jail Officials from denying him access to the Court. Kelley makes no claims that any Bradley County Jail Official has interfered with his access to Court; thus, such an order is unnecessary at this time. Nevertheless, the Court cautions that prison officials may not take adverse administrative action against an inmate in

3

retaliation for his protected action under the First Amendment. *See Newsom v. Norris*, 888 F.2d 371, 377 (6th Cir. 1989) ("[E]gregious abuse of governmental power," in the form of retaliation against a prisoner by prison officials for exercising his first amendment right to register a complaint about inadequate prison policies was sufficient to state a claim for deprivation of First Amendment rights in violation of 42 U.S.C. § 1983, 1985(3) and 1986.).

Kelley is **ORDERED** to inform the Court, and the defendant or defendant's counsel of record, immediately of any address changes. Failure to provide a correct address to this Court within **ten (10) days** following any change of address will result in the dismissal of this action.

SO ORDERED.

ENTER this the 8th day of October, 2008.

                                  */s/ R. Allan Edgar*
                                  R. ALLAN EDGAR
                         UNITED STATES DISTRICT JUDGE